IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR CHAPARRO-FELICIANO, et al.<br><br>    Plaintiffs<br>v.<br><br>RUBEN DIAZ, et al.<br><br>    Defendants | Civil No. 08-1352(SEC) |

## OPINION AND ORDER

Pending before the Court is a Motion to Dismiss (Dockets # 19) filled by Co-defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profsional Médico-Hospitalaria ("SIMED"). Plaintiffs have filed an opposition thereto (Docket # 25), to which SIMED replied (Docket # 30). After reviewing the parties' filings and the applicable law, Co-defendants' motion to dismiss is hereby **GRANTED**.

**Factual Background:**

In 2002, Pedro Chaparro-Velez ("Chaparro-Vélez"), then a three year-old, under went a surgical procedure to correct a congenital heart problem he had suffered from since birth. Docket # 2, ¶¶ 20-22. Dr. Ruben Diaz ("Diaz") evaluated and treated Chaparro-Vélez before the procedure, and Dr. Enrique Marquez ("Marquez") performed the surgery. Docket # 2, ¶¶ 23 & 28. Plaintiffs allege that the surgery and proximate medical treatment offered by the above mentioned doctors was deficient, and that Chaparro-Vélez suffered serious post-operation complications, which allegedly led to permanent neurological injuries. Docket # 2, ¶¶ 29-35. Accordingly, on March 12, 2008, Plaintiffs brought the present action for damages and emotional suffering against the treating doctors and SIMED.

Plaintiffs allege that for the relevant period when Diaz and Marquez rendered treatment to Chaparro-Vélez, SIMED was the doctors' professional liability insurer. See Docket 25 at 2. P.R. Laws Ann. tit 26, § 2003, allows for direct actions against insurers up

to the limit of the policy. Accordingly, Plaintiffs sued SIMED, who shares absolute liability with its clients. P.R. Laws Ann. tit 26, § 2001. In response, SIMED has filed a motion to dismiss alleging that, at all times to this controversy, co-defendant Marquez was not insured by its coverage. See Docket # 19 at 1-2. The insurance company therefore requests that this Court recognize that they are not contractually bound to Marquez with regards to this lawsuit and, thus, grant dismissal under Fed. R. Civ. P. 12(b)(6).

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, the court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. Id. *Twombly* at 1965. As such, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

**Applicable Law & Analysis**

SIMED alleges that Marquez was not covered by the company when the alleged acts of malpractice occurred. To substantiate this argument, they have included a copy of their contract with Marquez from 2003, and a sworn statement by Maria del Carmen Alfonso Valle ("Alfonso"), SIMED's Underwriter Manager. See Docket # 19-2 & 19-3. Plaintiffs

counter that the policy was retroactive until the year 1987. See Docket 25 at 4.

Normally, facts not included in the complaint cannot be used at the motion to dismiss stage. However, where "a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Perry v. New Eng. Bus. Serv., 347 F.3d 343, 345 (1st Cir. 2003)(citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)(internal quotations omitted). Because Plaintiffs have not challenged the authenticity of the documents submitted by SIMED, and the insurance company's liability is purely contractual, this Court finds an analysis of Marquez's coverage by SIMED appropriate under Rule 12(b)(6). Moreover, where "the words of an insurance policy are plain, [a court shall] 'refrain from conjuring up ambiguities' and likewise 'abjure unnecessary mental gymnastics which give the terms of the policy a forced or distorted construction.'" Perry, 347 F.3d at 346 (citing Burnham v. Guardian Life Ins. Co., 873 F.2d 486, 490-91 (1st Cir. 1989)).

Alfonso avers that SIMED issued an insurance policy on behalf of Marquez in 2003, and that this policy was valid between December 31, 2003 and December 31, 2004, and retroactive until December 31, 2007. See Docket # 19-2 at 1. The first page of the aforementioned policy states, in bold lettering, that ". . . COVERAGE IS LIMITED TO CLAIMS ARISING FROM THE RENDERING OF OR FAILURE TO RENDER PROFESSIONAL SERVICES ON OR AFTER THE RETROACTIVE DATE . . . AND FIRST MADE AGAINST THE SYNDICATE WHILE THIS POLICY IS IN FORCE." See Docket # 19-3 at 4. This clause is reiterated throughout the contract. See, e.g., Docket 19-3 at 6. In the case of Marquez, the policy period was clearly as being between December 31, 2003 and December 31, 2004. See Docket # 19-3 at 2. In light of the above, this Court must consider that because Plaintiffs' claims allege medical malpractice in 2002, that Marquez was not a policy holder with SIMED at the relevant times for this complaint.

Therefore, all claims against SIMED as insurer of Marquez are **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**Civil No. 08-1352**

    **SO ORDERED.**
In San Juan, Puerto Rico, this 27th day of March, 2009.

                                              S/ *Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge