**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HECTOR CHAPARRO-FELICIANO, et al. | * * * |
| Plaintiffs | * |
| v. | * Civil No. 08-1352(SEC) |
| | * |
| RUBEN DIAZ, et al et al. | * * |
| | * |
| Defendants | * |

**********************************

**OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment (Dockets # 17) filed by Co-defendant Dr. Ruben Diaz ("Dr. Diaz"), his wife, and their conjugal partnership , and Co-defendant Dr. Enrique Marquez ("Dr. Marquez"), his wife, and their conjugal partnership (collectively "Co-defendants"). Plaintiffs have filed an opposition thereto (Docket # 26). After reviewing the parties' filings and the applicable law, Co-defendants' motion for summary judgment is hereby **DENIED WITHOUT PREJUDICE**.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005).  In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at

least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the 'party opposing summary judgment must present definite, competent evidence to rebut the motion.' Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Factual Background**

In 2002, when he was three years, old Pedro Chaparro-Velez ("Chaparro-Velez")

**Civil No. 08-1352(SEC)**                                                                                                      3

under went a surgical procedure to correct a congenital heart problem he had suffered from since birth. Docket # 2, ¶¶ 20-22. Dr. Diaz evaluated and treated Chaparro-Velez before the procedure, and Dr. Marquez performed the surgery. Docket # 2, ¶¶ 23 & 28. Plaintiffs allege that the surgery and proximate medical treatment offered by the above mentioned doctors was deficient, and that Chaparro-Velez suffered serious post-operation complications, which allegedly led to permanent neurological injuries. Docket # 2, ¶¶ 29-35. Accordingly, on March 12, 2008, Plaintiffs brought the present action for damages and emotional suffering against the treating doctors, and their insurance companies.

Co-defendants allege that, at all relevant times, they were, "carrying out the duties of attending physicians in the Pediatric Department and, at the Surgery Department of the Medical Sciences Campus of the University of Puerto Rico." Docket # 17 at 2. The attached exhibits convincingly demonstrate that Dr. Diaz Rodriguez and Dr. Marquez Grau were professors and employees of the Medical Sciences Campus of the University of Puerto Rico when the rendered treatment to Chaparro-Vélez. However, this Court has not been presented with conclusive evidence to substantiate that Dr. Diaz Rodriguez and Dr. Marquez Grau.were in fact acting in their capacities as employees of the University of Puerto Rico. See Docket # 17-2, Exh. 1-4.

Plaintiffs correctly argue that the sworn statements submitted by the doctors, ". . . do not state under penalty of perjury that they treated minor Pedro Chaparro in their capacity as employees of the University of Puerto Rico or any other agency of the Commonwealth of Puerto Rico." Document # 26 at 2.

**Applicable Law and Analysis**

Because the instant motions are for summary judgment, both parties must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). Additionally, the party opposing the motion, must:

submit with its opposition a separate, short, and concise statement of material

**Civil No. 08-1352(SEC)**                                                                                                    4

> facts. The opposition shall **admit, deny or qualify** the facts **by reference to each numbered paragraph** of the moving party's statement of material facts and unless a fact is admitted shall support each denial or qualification by a record citation as required by this rule. a record citation as required by subsection (e) of this rule." (emphasis added).

Local Rule 56(c). If the opposing party wants to put forth additional facts, it may do so "in a separate section [with] separate numbered paragraphs supported by a record citation as required by subsection (e) of [the] rule...." <u>Id.</u> In the present case, Co-defendants did not include a separate statement of undisputed material facts. Furthermore, as Plaintiffs' point out, the record citations in the motion for summary judgment are less than precise. Accordingly, this Court must conclude that the motion for summary judgment does not comply with Local Rule 56.

With regards to the merits of Co-defendants' allegations, Puerto Rico law provides immunity for those doctors, and other health care providers, who provide services at state run facilities, or as part of their duties as employees of the Commonwealth of Puerto Rico. <u>Colon v. Ramirez</u>, 913 F. Supp. 112, 119 (D.P.R. 1996). The law clearly states as follows:

> <u>No health services professional may be included as a defendant in a civil action for damages involving medical malpractice fault or negligence caused in the performance of his/her profession while said health services professional acts in compliance with his/her duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and municipalities or as personnel under contract thereto, while acting in compliance with his/her duties and functions in the fields of obstetrics, orthopedics, general surgery and trauma in a medical-hospital facility property of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and/or municipalities, regardless of whether said facility is being administered or operated by a private entity.</u> P.R. Laws Ann. 26 § 4105; <u>see also Colon</u>, 913 F. Supp. 112, 119 (D.P.R. 1996); <u>Rivera v. Hospital Universitario</u>, 762 F.Supp. 15 (D.P.R.1991); <u>Flores Román v. Ramos González</u>, 90 J.T.S. 132, 127 P.R.Dec. 601 (1990).

Co-defendants aver that at all relevant times they were full-time employees of the University of Puerto Rico Medical Sciences Campus. Their employment by said Commonwealth instrumentality has been duly accredited. <u>However, the co-defendants have not substantiated their claims that they were acting within the scope of their duties, and are</u>

**Civil No. 08-1352**                                                                                                              5

<u>thus entitled to immunity in the present action</u>. Accordingly, this Court can come to no conclusion as to Co-defendants' immunity.

Furthermore, Plaintiffs argue that Centro Cardiovascular del Caribe did not gain coverage under P.R. Laws Ann. 26 § 4105 until 2005. This Court agrees with said assertion. However, as Co-defendants did not base their motion for summary judgment on Centro Cardiovascular del Caribe's coverage, it is superfluous for the present analysis.

**Conclusion**:

In light of the foregoing, this Court is unable to conclude that Co-defendants Dr. Diaz and Dr. Marquez are entitled to immunity in the present action. As such, their Motion for Summary Judgment is **DENIED**. However, this denial is **WITHOUT PREJUDICE**. Co-defendants may present, within **20 days**, a second motion for summary judgment in compliance with P.R. Laws Ann. 26 § 4105. This motion should address the capacity Co-defendants were acting in when they offered treatment to the minor Pedro Chaparro, as well as the relevance of Centro Cardiovascular del Caribe's protection at the time of the treatment.

**SO ORDERED.**
In San Juan, Puerto Rico, this 27th day of March, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge