**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HECTOR CHAPARRO FELICIANO, et al. | |
| Plaintiffs | |
| v. | Civil No. 08-1352(SEC) |
| RUBEN DIAZ, M.D., et al. | |
| Defendants | |

**OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment (Docket ## 42 & 44) presented by Co-defendants Dr. Rubén Díaz, his wife, and their conjugal partnership, and Dr. Enrique Márquez, his wife and their conjugal partnership (hereinafter jointly "Co-defendants"). Plaintiffs have not submitted their opposition thereto. After reviewing the party's filings and the applicable law, Co-defendants' motion for summary judgment is hereby **GRANTED**.

**Standard of Review:**

The Court may grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at

**Civil No. 08-1352(SEC)**                                                                                                   2

least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (citing Garside, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the 'party opposing summary judgment must present definite, competent evidence to rebut the motion.' Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. [. . .] Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

Moreover, FED. R. CIV. P. 56 allows an entry of partial summary judgment. Section 6 thereof provides that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**Civil No. 08-1352(SEC)** 3

**Factual Background:**

Because the instant motion is for summary judgment, the submitting party must comply with the requirements of Local Rule 56, and file a statement of facts set forth in numbered paragraphs, and supported by record citations. See Local Rule 56 (b).

Co-defendants complied with this rule and submitted a Statement of Uncontested Facts (Docket # 43) (hereinafter "SUF"), numbered, and supported by record citations. Plaintiffs, having not opposed the Motion to Summary Judgment, have not admitted or denied Co-defendants' SUF. As Plaintiffs failed to deny, affirm, or qualify Co-defendants' SUF, the facts contained therein shall be deemed admitted by virtue of Local Rule 56 (c).[1]

Co-defendants base their motion for summary judgment on the argument that they are not personally liable in this case due to the fact that, at all relevant times, they were acting as employees of the University of Puerto Rico, and that 26 L.P.R.A. § 4105 provided them immunity.

A review of the evidence in record shows that the facts proposed by Co-defendants are properly supported by evidence, and that they are unopposed. In light of the above, the uncontested facts are as follows:

Co-defendants allege that at all relevant times they were acting as employees of the University of Puerto Rico Medical Sciences Campus. See Docket # 43 at 2-3. Dr. Díaz is a physician specialized in pediatrics and, as of the dates that originated the facts in this case, he was a Pediatric Department faculty member at the School of Medicine of the University of Puerto Rico. SUF ¶ 1-3. Dr. Márquez is a physician specialized in surgery and, during the time that the facts of the present case originated, he was a Surgery Department faculty member at the School of Medicine of the University of Puerto Rico. SUF ¶ 4-6. Furthermore, this Court also accepts Co-defendants' statement that the University of Puerto Rico is a not-for-profit public corporation and an instrumentality of the Commonwealth of

---

[1] The facts so deemed admitted are at SUF ¶¶ 1-8. See Docket 41.

**Civil No. 08-1352(SEC)** 4

Puerto Rico. SUF ¶ 7-8.

### Applicable Law and Analysis

Puerto Rico law provides immunity for those doctors, and other health care providers, who afford services at state run facilities, or as part of their duties as employees of the Commonwealth of Puerto Rico. <u>Colon v. Ramirez</u>, 913 F. Supp. 112, 119 (D.P.R. 1996). The law clearly states as follows:

> <u>No health services professional may be included as a defendant in a civil action for damages involving medical malpractice fault or negligence caused in the performance of his/her profession while said health services professional acts in compliance with his/her duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and municipalities or as personnel under contract thereto, while acting in compliance with his/her duties and functions in the fields of obstetrics, orthopedics, general surgery and trauma in a medical-hospital facility property of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and/or municipalities, regardless of whether said facility is being administered or operated by a private entity.</u>

P.R. Laws Ann. 26 § 4105 (emphasis added); <u>see also</u> <u>Colon</u>, 913 F. at 119; <u>Rivera v. Hospital Universitario</u>, 762 F.Supp. 15 (D.P.R.1991); <u>Flores Román v. Ramos González</u>, 90 J.T.S. 132, 127 P.R.Dec. 601 (1990). Co-defendants aver that at all relevant times they were full-time employees of the University of Puerto Rico Medical Sciences Campus. Their employment by said Commonwealth instrumentality has been duly accredited, and Plaintiffs have not presented evidence to the contrary. Furthermore, Plaintiffs have not opposed Co-defendants' Motion to Summary Judgment and, as such, have not disputed Co-defendants' allegations that they were acting within the scope of their duties. Thus, in the present action, they are entitled to immunity.

This information is corroborated by Co-defendants' own sworn statements before Irene Reyes Diez, Esq., Director of the Office of Legal Counsel at the University of Puerto Rico Medical Sciences Campus, by a letter recommending Dr. Rubén Díaz signed by Clemente Díaz, M.D., Director and Professor at the Department of Pediatrics, a Certification signed by Elliot Coris Arzuaga from the Medical Sciences Campus Human Resources

**Civil No. 08-1352**                                                                                                 5

Department attesting Dr. Rubén Díaz as an employee of said institution, and another Certification signed by Olga J. Vélez Pérez, Executive Assistant within the Department of Surgery of the Medical Sciences Campus, confirming Dr. Enrique Márquez's status as employee of said department . Ex. ## 1-2 & 4-5; see also Docket # 43.

As such, this Court must conclude that Co-defendants Dr. Rubén Díaz and Dr. Enrique Márquez are entitled to immunity in the present action. In light of the applicable law supporting their defenses, their Motion for Summary Judgment is **GRANTED** and all claims against them shall be **DISMISSED with prejudice**.

**Conclusion:**

For the reasons set forth above, Defendants' Motion for Summary Judgment is hereby **GRANTED**. Judgment shall be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 16th day of June, 2009.
S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge